**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **RAYMOND CLIFTON SCHWARTZ,** *et al.* | * * * |
| **Plaintiffs** | * * |
| v. | *   Civil No. PJM 05-3067 |
| **GUSCOR OF GAITHERSBURG, LLC, et al.** | * * * * |
| **Defendants** | * * |

**MEMORANDUM OPINION**

Plaintiffs Raymond Clifton Schwartz and Dorothy Thompson brought this suit against Defendants Guscor of Gaithersburg, LLC d/b/a Southerns Auto Trend of Gaithersburg ("Southerns") and Wells Fargo Financial Acceptance of Maryland d/b/a Wells Fargo Financial[1] in Circuit Court for Montgomery County, alleging, *inter alia*, violation of the Magnuson-Moss Warranty Act ("MMWA"), the Maryland Consumer Protection Act, and the Maryland Debt Collection Act; as well as common-law fraud, in connection with the trade-in and sale of vehicles at Southerns' dealership in Gaithersburg. Southerns removed the action to this Court, asserting that Plaintiffs' MMWA claim is a federal claim over which this Court has original jurisdiction. Plaintiffs have filed a Motion to Remand. For the reasons set forth below, the Court GRANTS Plaintiffs' Motion to Remand.

Federal District Courts have jurisdiction over MMWA claims if the amount in controversy, exclusive of interest and costs, is $50,000 or more. 15 U.S.C. § 2310 (d)(1)(B), (3)(B). Plaintiffs

---

[1] Plaintiffs have since settled with Wells Fargo, and Wells Fargo has been voluntarily dismissed from this suit.

1

argue that the amount-in-controversy requirement has not been satisfied.  As regards their MMWA claim, Plaintiffs seek actual damages, as well as interest, costs, and attorneys fees.  Interest, costs, and attorneys' fees are not considered for the purpose of determining the amount in controversy. *Id.* § 2310 (d)(3)(B); *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983).  Plaintiffs suggest that their actual damages on the MMWA claim are, at most, somewhere between $15,156 (the sale price of the vehicle they purchased from Southerns), and $23,578 (sale price plus finance charges over the full life of the loan).

Southerns concedes that Plaintiffs seek less than $50,000 on their MMWA claim, but argues that Plaintiffs' claim for $250,000 in punitive damages[2] should be aggregated with the amount in controversy on the MMWA claim.  However, the punitive damages claim is made under Plaintiffs' pendent state common-law fraud claim.  It is well established that the MMWA's amount-in-controversy requirement cannot be satisfied by aggregating amounts claimed on an MMWA claim with amounts claimed on pendent state law claims.[3]  *See Barnes v. West, Inc.*, 249 F. Supp. 2d 737, 739 (E.D. Va. 2003) (collecting cases and citing, *inter alia*, *Ansari v. Bella Automotive Group, Inc.*,

---

[2] There seems to be some confusion as to what count of the Complaint the punitive damages claim is made under.  Southerns mistakenly asserts that it is made under one of the two Maryland Consumer Protection Act claims.  Plaintiffs have made clear that it is part of their common-law fraud claim.  For present purposes all that matters is that the punitive damages claim is part of a pendent state law claim.

[3] This makes good sense.  Were it otherwise, the MMWA's amount-in-controversy requirement might be rendered meaningless.  As is the case here, breach of warranty claims are often joined with (often meritless) fraud claims.  Were pendent claims aggregable, the availability of punitive damages for fraud would mean that virtually any MMWA claim could find its way into federal court.  *See Hatcher v. Chrysler Motors Corp.*, 1990 U.S. Dist. LEXIS 2453, at *8 (E.D. Pa. 1990) ("This reading comports with Congress's desire to avoid inundating the federal courts with warranty claims--to allow a plaintiff to add pendent state claims to a Magnuson-Moss Act claim would read out the jurisdictional requirement since virtually every plaintiff could include pendent state claims seeking damages in excess of $ 50,000.").

145 F.3d 1270, 1272 (11th Cir. 1998) ("[T]he amount in controversy for purposes of...§ 2310(d)(3)(B) does not include damages flowing from any pendent state law claim brought by a plaintiff.")). While a claim for punitive damages made *under an MMWA claim* may be aggregated if punitive damages are recoverable in a breach of warranty action under applicable state law, no such claim for punitive damages has been made here. *See Boelens v. Redman Homes*, *Inc.*, 748 F.2d 1058, 1069, 1071 (5th Cir. 1984) ("Although the plaintiffs have also pleaded an independent cause of action in tort--for which punitive damages are cognizable under Texas law --that cause of action is a pendent state law claim and cannot be used to confer jurisdiction."); *Salter v. Al-Hallaq*, 2003 U.S. Dist. LEXIS 6136, at *7 n.1 (D. Kan. 2003). Plaintiffs are the masters of their claim, and they have sought punitive damages on their pendent state common-law fraud claim, not their MMWA claim. As such, the MMWA's amount-in-controversy requirement is not satisfied, and this Court lacks jurisdiction.

Accordingly, Plaintiff's Motion to Remand [Paper No. 7] is GRANTED.[4]

A separate Order will be ENTERED.

/s/<br>**PETER J. MESSITTE**<br>**UNITED STATES DISTRICT JUDGE**

**May 17, 2006**

---

[4] Pursuant to 28 U.S.C. § 1447(c) Plaintiffs have requested attorneys' fees for Southerns' wrongful removal. The Court does not believe that Southerns' action was so objectively unreasonable as to warrant a fee award. *See Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005).